## Lewis vs. Disher.

*Tax title suit: Evidence of payment of taxes.*

In an action on a tax deed, where the defense is that the taxes had been paid, the fact that the land was not returned delinquent by the town treasurer is admissible in evidence as tending to sustain that defense.

APPEAL from the Circuit Court for *Dodge* county.

Ejectment, commenced in 1866. Plaintiff claimed under tax deeds, as follows: One made and recorded in April, 1857, upon sale of 1854 for delinquent taxes of 1852; another made and recorded the same day as the one last mentioned, upon sale of 1854 for taxes of 1853; and one made and recorded in April, 1858, upon sale of 1854, for taxes of 1851. The defendant alleged, among other things, that the taxes for 1851, 1852, and 1853 were paid at the time by one Rice, who then owned the land, and that the tax proceedings were irregular. Mr. Rice,

as a witness for the defendant, testified that he thought he paid the taxes on the premises for the year in question, but that he had not the tax receipts in his possession, and did not know where they were ; that he had looked for them, but could not find them. Afterward the defendant offered certain evidence, which is sufficiently described in the opinion, *infra ;* and which was rejected. The court found, among other things, that the taxes for the years mentioned were not paid. Judgment for the plaintiff ; and defendant appealed.

*Todd & Converse,* for appellant.

*L. T. Fribert,* for respondent.

Dixon, C. J. After having very properly received some evidence for the purpose of showing that the taxes had been paid, we think the court below erred in rejecting other evidence offered by the defendant, which tended very strongly to establish the same fact. The record shows that the defendant " offered in evidence the proceedings on which the tax titles were given, all of them," which were objected to. It likewise shows that " the reason of their being offered was, to show the invalidity of the tax deeds ; *that the land was not returned by the town treasurer ;* that it was not advertised by the county treasurer in the time required by law ; that there was no affidavit to the notice, as required by law." The objection of the plaintiff was sustained, and the defendant excepted. The fact that the land was not returned by the town treasurer, if it was true, was certainly very strong, and, unexplained, perhaps conclusive, evidence that the taxes had been paid. It is only upon the return of the land as delinquent by the town treasurer that the county treasurer is authorized to sell ; and it is not to be presumed that the town treasurer would fail to make such return, unless the taxes had in fact been paid. The evidence thus offered was, therefore, admissible for the purpose of showing such payment, and it

was error for the court to reject it, for which the judgment must be reversed, and a new trial awarded.

*By the Court.* — It is so ordered.